The People of the State of New York, Plaintiff, *v.* Irving B. Weinstein, Defendant.

County Court, Kings County, March 30, 1940.

*William O'Dwyer*, District Attorney [*Vincent Kehoe* of counsel], for the plaintiff.

*Benjamin Ribman*, for the defendant.

FITZGERALD, J. Defendant was indicted in this court on June 17, 1937, for the crime of abortion.

This is a motion to dismiss the indictment on the ground that the defendant has gained immunity by testifying in the trial of one Abraham Ditchik. It appears that an indictment was found against the said Ditchik in the Supreme Court in this county. The charge, as the court is advised by the moving papers, was conspiracy to commit various crimes covering a period between 1931 and the end of 1938. A number of counts were set forth therein, included among which was one to the effect that the defendant herein made various payments to the defendant Ditchik. The defendant was called as a witness by the People in the trial of said Ditchik in the Supreme Court. During the course of his examination he declined to answer certain questions on the ground that it would tend to incriminate him and that the questions were not pertinent. Counsel asked that the defendant herein be directed to answer certain questions which were propounded.

In the course of the colloquy which took place the following appears: " The Court: Well, in view of the statutes that govern bribery and conspiracy I am going to direct you to answer, Doctor. I think the inquiry as to this is material and pertinent to the charges that are laid against this defendant. The Witness [defendant herein]: Will that give me immunity? The Court: It will give you immunity because of anything you may testify here."

It is urged that by reason of the foregoing the defendant is immune from prosecution upon the indictment for abortion.

Whether defendant has gained immunity from prosecution on that indictment need not be determined here. The court understands the rule to be that defendant is immune from prosecution which is based upon the testimony which he may give or which may be obtained as a result of his testimony. It is not at all clear that the testimony given by defendant as to payments as bribes affect his liability under the abortion indictment, although his testimony may not be used against him.

The question here is whether the court has upon this motion power to pass upon whether the defendant has gained immunity. The court knows of no statute which gives it such power. That there is no authority to determine the question in this way seems to be clear.

" The Commission on the Administration of Justice in the State of New York " transmitted its final report to the Legislature March 31, 1939. (N. Y. Legis. Doc. [1939] No. 76.) The report contains a proposed revised Code of Criminal Procedure. In that Code demurrers are abolished (§ 282), and in section 284 thirteen specific grounds upon which indictments may be set aside on motion are enumerated, among which is " that the defendant has been granted immunity by law from prosecution for the crime charged." (Subd. 7.)

In the prefatory note the Commission points out (p. 94) that this provision is taken from the American Law Institute Code and is additional to the grounds which now exist.

In my opinion the question of whether defendant has gained immunity may not, and should not, be determined on such a motion. The time and place to decide such a question would be upon the trial of the indictment if the question be then raised.